### 8915

#### DRENNAN *ET AL.* v. AGURS *ET AL.*

(82 S. E. 622.)

WILLS. DEVISE OR BEQUESTS FOR CHARITABLE USES. MAINTENANCE OF GRAVEYARDS. ENDOWMENT OF CHURCH. UNINCORPORATED ASSOCIATION AS TRUSTEE.

1. An unincorporated religious association may take under a will as trustee, property to be used as an endowment fund for a church and to keep up certain graves.

2. Testatrix bequeathed the balance of her estate to be used for keeping up certain graves at F. church, and also as an endowment fund for the benefit of such church. *Held,* that the words providing that a part of the residuary estate should be used to keep up the graves was not intended to create an enforcible trust, but one of a precatory nature, and the whole devise was sustained as a devise to charity.

Before MEMMINGER, J., Columbia, November, 1913. Affirmed.

Action by W. A. Drennan, William Drennan, J. H. Drennan, Ernest Drennan, Richard Drennan, Agurs Drennan, Judson Drennan, Bessie Drennan, Frances Drennan, S. S. Neeley, Lizzie D. Huey, F. T. Morgan, S. J. Kee,

FOOTNOTE.—As to validity of testamentary provision for erection of monument, or for the care and maintenance of tombs, burial grounds, etc., see notes in 1 British Ruling Cases 931 to 947. As to validity of gift to an unincorporated charity, see note in 32 L. R. A. 625.

H. R. Kee, J. T. Kee, O. R. Kee, John L. Kee, R. T. Kee, W. M. Kee, Hattie E. Entzminger and John W. McKnight, plaintiffs, against William C. Agurs, George M. Agurs, J. M. Agurs, J. W. Agurs, M. C. Scott, Nannie A. Starbuck, Mayme A. Aiken; and W. C. Hicklin, S. J. Lewis and W. R. Neeley, as trustees of Fishing Creek Church, defendants.

From judgment for defendants, plaintiffs appeal.

The facts are stated in the report by A. D. McFaddin, Esq., master, as follows:

Plaintiffs instituted their action in this Court, alleging that Julia A. Farley, late of said Richland county, departed this life, leaving her last will and testament whereby, after making certain specific bequests, she devised and bequeathed the "balance of my estate to be used for the keeping up the Agurs line of graves at Fishing Creek Church and also used as an endowment fund for the benefit of Fishing Creek Church." The complaint further alleges that at the time of her death the testatrix was seized and possessed of certain real property, situate in the counties of Richland and Chester, said State, and was possessed of some personalty; that the testatrix left as her only heirs at law the plaintiffs and defendants, with the exception of the defendant trustees; that the defendant trustees are the trustees of the Fishing Creek Church mentioned in the will; that said church is an unincorporated institution and its property and affairs are under the management and control of "said trustees;" that the residuary clause of said will is void and inoperative in law and that the property attempted to be devised and bequeathed goes by operation of law to the persons named therein as the heirs at law of said testatrix.

The defendant trustees answered, denying that the residuary clause of said will was inoperative and void; they admitted that they were the trustees of the church mentioned in said will and that they are now in possession of

said property, holding the same in trust for the use of said Fishing Creek Church. Further answering the complaint, said defendant alleged that letters of administration had been granted to A. M. Aiken, who had fully accounted and had been discharged; that the testatrix was a native of the neighborhood of said Fishing Creek Church and was for a number of years a member thereof and that many of her relatives were buried in the graveyard of said church and others are likely to bury there. Counsel for plaintiffs announced that he had acceptances of service of the summons and complaint in this action from all of the other defendants, and that they failed to answer.

The cause was referred to the master for Richland county by the order of Hon. T. S. Sease directing "that all issues of law and fact raised by the pleadings herein be referred to A. D. McFaddin, Esq., as master * * * with instruction to take the testimony and to report the same together with his findings and conclusions thereon * * * with leave to report any special matter."

I held references and the testimony taken is hereto attached. During the progress of the hearings objection was made to the introduction of certain testimony. I noted the grounds of the objections and reported the testimony offered. I have admitted as proper evidence in this case and have considered only so much of the testimony to which there was objection as tended to identify the person or thing intended by the testatrix.

I find from the testimony that Julia A. Farley, late of the county of Richland, said State, departed this life on or about March 18th, 1902, leaving a last will and testament. That at the time of her death the said Julia A. Farley was seized and possessed of certain real property situate in the counties of Richland and York, and was also possessed of certain personal property. That in and by said will the said testatrix, after making certain specific bequests, devised and bequeathed the "balance" of her estate to

Fishing Creek Church to be used as an endowment fund for said church and for keeping up the Agurs line of graves at said church.

I also find from the testimony that the heirs at law of the said Julia A. Farley are correctly stated in the complaint.

I also find from the testimony that the defendants, W. C. Hicklin, S. J. Lewis and W. R. Neeley, are the trustees of Fishing Creek Church, which church is in said Chester county; and that the Fishing Creek Church mentioned and referred to in the last will and testament of said testatrix is the Fishing Creek Church in Chester county of which said Hicklin, Lewis and Neeley are trustees. That said church is an unincorporated institution, conducted for religious purposes, and its property and affairs are under the management and control of said trustees. That said church is of the Presbyterian faith.

I also find from the evidence that the graveyard at Fishing Creek Church, in which the Agurs line of graves are to be found, is located wholly upon the property of that church, and that the care and general management of said graveyard constitutes a part of the work of that church. While its general care and oversight is received from said church, yet it is not restricted to its membership, but said graveyard is used as a place in which the remains of the dead of the community are interred. The testatrix, who lived to a ripe age, was born in that community and lived there until she was about forty years of age. She was a member of that church. A large number of those buried in that graveyard were related to the testatrix and many of the people now living in that community were her relatives and it is very likely that they will be buried there. The Agurs line of graves, along with the other graves in that churchyard, would have been recipients of her benefactions even though no mention had been made in regard to the same in said will,

as any endowment fund for the benefit of that church would be used in part for the keeping up of that graveyard.

I conclude, as a matter of law, that the devises and bequests, as contained in the residuary clause of the will of Julia A. Farley, deceased, are for charitable uses and are valid and operative in law.

I further conclude that the trust is to a person or thing sufficiently certain and for an object sufficiently definite and is capable of enforcement by a Court of equity.

All of which is respectfully submitted.

A. D. McFADDIN,

May 20, 1913.            Master for Richland County.

The will construed, was as follows:

May 25, 1897.

I being of sound mind I now make my last will.

This Will is to testify that I want three Hundred Dollars in money put out on interest the three Hundred Dollars to have good security the interest of the three Hundred Dollars to be put into the hands of some responsible person who will have my lot at the Cemetery in Columbia, S. C., kept in good order the interest of the three hundred dollars will be sufficient.

I appoint Willie Huey as my Extor of Estate to pay the person who has the lot attended to and also keeping the lot in order.

My watch small chain & Silver Cup to be given to my grand Nephew Farley Huey.

One Hundred Dollars out of my estate to be given to my niece Lizzie Huey.

The balance of my Estate to be used for the keeping up the Agurs line of graves at Fishing Creek Church, & also used as an endowment fund for the benefit of Fishing Creek Church.

I leave all my Household goods to my Niece, Lizzie Huey.

I want the bed of my grave walled in with brick also the necessary inscription put on my tombstone & before any disposal is made of my estate.            JULIA A. FARLEY.

Witnesses: L. R. Aldrich, Mrs. M. G. Aldrich, Marion G. Aldrich.

The appellants' exceptions were as follows:

1. That his Honor erred in sustaining the findings of the master in said cause.

2. That his Honor erred in failing to find that the provision in the residuary clause of the will of the said Julia A. Farley, deceased, *"for the keeping up the Agurs line of graves at Fishing Creek Church"* is void and inoperative in law:

(a) As creating a perpetuity for a use not charitable;

(b) Because of there being no *cestui que trust* capable of enforcing the trust; and

(c) Because, no trustee having been appointed, and the object and subject matter of the proposed trust being indefinite and uncertain, it is incapable of enforcement by the Court, and no valid trust was created.

3. That his Honor erred in failing to find that the provision in the residuary clause of said will *"and also as an endowment fund for the benefit of Fishing Creek Church"* is void and inoperative in law:

(a) Because, being inseparably connected with the prior void bequest it must fall with it;

(b) Because, no trustee having been appointed, and the object and subject matter of the proposed trust being indefinite and uncertain, it is incapable of enforcement by the Court and no valid trust was created.

4. Because his Honor erred in sustaining the conclusion of the master that "the devises and bequests as contained in the residuary clause of the will of Julia A. Farley, deceased, are for charitable uses and are valid and operative in law."

5. Because his Honor erred in sustaining the conclusion of the master that "the trust is to a person or thing sufficiently certain and for an object sufficiently definite and is capable of enforcement by a Court of equity."

*Messrs. Wilson & Wilson,* for appellants, submit: *The provision for the keeping up of the graves was not charitable, and was void:* 2 Redfield Wills 504, 574; Tudor's Ch. Trusts 11; 48 S. C. 444; 5 A. & E. Enc. of L. 894, 933; Ames Cases on Trusts, 201, 210; 79 Ala. 423; 1 Ir. R. (1901) 394, 399; Gray on Rule Against Perpetuities, pp. 475, 604, sec. 894; 2 Hill Ch. 312; 108 N. Y. 312; 10 Vesey 521; 33 N. Y. 107; Fetter Equity 172; 37 S. C. 457; 48 S. C. 456-458. *The provision for the endowment of church being connected with the prior void bequest, must fall with it:* 5 A. & E. Enc. of L. 915, note 5; 2 Redfield Wills 397. *Because of the void and lapsed residuary legacy the property passed to the heirs as intestate property:* 48 S. C. 457; 37 S. C. 457; 147 Pa. 68; Beaver 231; Gray 627.

*Mr. R. B. Caldwell,* for the trustees of Fishing Creek Church, respondents, cite: *As to rules of construction:* 40 Cyc. 1386, 1392, 1395. *Charitable trusts:* 6 Cyc. 903, 913, 916; 95 U. S. 311; Perry on Trusts, sec. 687; 70 S. C. 558; 48 S. C. 444; 28 S. C. 476; 1 Rich. Eq. 99; 7 Allen (Mass.) 243; 5 Ohio St. 237; 17 R. I. 306; 68 Pac. 723; 105 U. S. 342; 1 Chest. Co. (Pa.) Reporter 482; 67 Vt. 299; 66 Wis. 366; 33 Ch. Div. 187; 146 Iowa 415; Perry on Trusts (6th ed.), sec. 706. *Statute as to wills:* 1 Civil Code, secs. 3563 and 3571. *Care of graveyards:* Crim. Code, sec. 246; 68 S. C. 489; 91 S. C. 41.

*Mr. E. L. Craig,* also for respondent, cites: *Trust will not fail for want of a trustee:* 48 S. C. 444; 70 S. C. 55; 1 Rich. Eq. 109; 1 Rich. 174; 3 Rich. Eq. 160; 48 S. C.

106; 6 Cyc. 935. *Object and subject matter of devise sufficiently definite:* 1 Rich. Eq. 109; 48 S. C. 452; 43 S. C. 266; 32 L. R. A. 293; 70 S. C. 555. *Bequest to an unincorporated society good:* 48 S. C. 444; 26 S. E. 717; 1 Rich. Eq. 99; 28 S. C. 327; Hoffman's Ch. (N. Y.) 201; 1 Rich. 174. *Presbyterian Church defined:* 2 Rich Eq. 211. *Charities:* 7 Allen 243; 57 Me. 527; Perry on Trusts, sec. 706; 234 Mo. 117; 37 L. R. A. (N. S.) 999; 72 Me. 155; 9 L. R. Ch. Div. 576; 18 Eq. 114. *There is a cestui que trust capable of enforcing it:* 91 S. C. 41; 68 S. C. 489.

August 13, 1914.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.

This is an action to set aside the residuary clause of a will, on the ground that it is null and void, for the reasons hereinafter mentioned.

The facts are fully stated in the report of the master, which will be reported, together with the appellants' exceptions, and a copy of the will.

The first question that will be considered, is whether there was error on the part of his Honor, the Circuit Judge, in concluding, as a matter of law, that the devises and bequests, contained in the residuary clause of the will, are for charitable uses, and therefore valid and operative in law.

That clause of the will is as follows: "The balance of my estate to be used for keeping up the Agurs line of graves at Fishing Creek Church, and also used as an endowment fund for the benefit of Fishing Creek Church."

The following findings of fact by the master do not seem to be disputed: "That said church is an unincorporated institution, conducted for religious purposes, and its property and affairs are under the management and control of said trustees; that the graveyard at Fishing Creek Church,

in which the Agurs line of graves are to be found, is located wholly upon the property of that church, and that the care and general management of said graveyard constitutes a part of the work of that church. While its general care and oversight is received from said church, yet it is not restricted to its membership, but said graveyard is used as a place in which the remains of the dead of the community are interred."

When the residuary clause is construed, in connection with the other parts of the will, it shows that the intention was that Fishing Creek Church should take charge of the entire residue, not only so much thereof as was to be used in keeping up the Agurs line of graves, but also that part that was to be used as an endowment fund, for the benefit of said church, thereby constituting Fishing Creek Church a trustee, for the purpose of administering the trusts created by the residuary clause.

If such had not been the intention of the testatrix it is but reasonable to suppose that she would have used other words to express her intention. She evidently thought it was necessary to appoint trustees, to carry the provisions of the will into effect, as is shown by the following language of the will: "This will is to testify that I want three hundred dollars in money put out on interest, the three hundred dollars to have good security, the interest of the three hundred dollars to be put into the hands of some responsible person, who will have my lot in the cemetery in Columbia, S. C., kept in good order; the interest of the three hundred dollars will be sufficient.

"I appoint Willie Huey as my executor of estate to pay the person, who has the lot attended to, and also keeping the lot in order."

The words providing that a part of the residuary estate was to be used for keeping up the Agurs line of graves at said church, were not intended to create an enforcible

trust, but they were of a precatory nature. The testatrix intended to emphasize the manner in which she wished a part of the residue expended, but left the matter to the discretion of Fishing Creek Church. The amount to be expended was not specified, nor the manner in which the trustee was to keep up the said graves, as was done when provision was made for keeping in order her lot in the cemetery in Columbia.

These conclusions show that none of the exceptions can be sustained.

Judgment affirmed.

MR. JUSTICE WATTS dissents.